IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHAYLA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:26-cv-00119-ACL |
| | ) | |
| CAR MART, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. Self-represented Plaintiff Shayla Holmes has filed a civil action on a Civil Complaint form. (Doc. 1). However, she has not filed a motion for leave to proceed *in forma pauperis* or paid the Court's $405 filing fee. Plaintiff will be directed to either file a motion for leave to proceed *in forma pauperis* or pay the full filing fee within **21 days** of the date of this Order. *See* 28 U.S.C. § 1915(a)(1). The Court will direct the Clerk to mail Plaintiff an 'Application to Proceed without Prepaying Fees and Costs' form. If Plaintiff fails to comply, this action will be dismissed without prejudice and without further notice.

Since Plaintiff filed her Complaint on May 27, 2026, she has filed 35 documents that appear to be intended as exhibits in support of her claims. (Docs. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41.) The filing of exhibits that are not attached to the original complaint, an amended complaint, or a motion is not authorized by the Federal Rules of Civil Procedure or this Court's local rules. The filing of exhibits offered as evidence outside of a trial is also not authorized by the rules.

Further, Plaintiff's filings referenced above and two additional filings that have been docketed as motions—Documents 27 and 28—do not comply with Local Rule 2.01. Local Rule 2.01 provides as follows:

> All filings, unless otherwise permitted by leave of Court, shall be in 12-point or larger font, double spaced, typed or legibly written on 8 ½ by 11-inch pages, and shall contain the signature of the self-represented party or the party's attorney. Immediately beneath each signature shall appear the self-represented party or party attorney's name, address, telephone number, email address…

E.D. Mo. L.R. 2.01(A)(1).  Additionally, the Court's website states: "All filings must be attached as PDF documents.  The Court cannot open shared links such as Dropbox or Google Drive or accept jpeg image or any other attachments that are not PDFs." *See* https://www.moed.uscourts.gov/self-represented-litigants-srl.

Plaintiff's filings do not contain a signature or Plaintiff's address as required by Local Rule 2.01.  Plaintiff's documents consist of screenshots and emails sent to the Court's MOED_SRL_ Filings email.

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires.  However, all parties, including *pro se* litigants, must comply with substantive and procedural law.  *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Thus, Documents 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 will be stricken from the record.

The undersigned also notes that Plaintiff has sent email communications to Court personnel for purposes other than submitting documents for filing.  These email communications are improper and violate Local Rule 4.04(A), which states as follows:

> Attorneys and self-represented litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court. Attorneys and self-represented litigants shall not furnish the Court copies of correspondence among themselves except as exhibits to a motion or memorandum.

E.D. Mo. L.R. 4.04(A).  Additionally, the Court's website states: "All emails to the Court must contain a document to be filed. The MOED_SRL_ Filings email is not intended for asking questions or corresponding with the Court."  *See* https://www.moed.uscourts.gov/self-represented-litigants-srl.

Plaintiff is directed not to send any further email communications to the Court or its staff that are not related to submitting documents for filing.  Plaintiff is warned that failing to comply with the Court's Order will result in the imposition of sanctions.

Finally, the Clerk of Court is directed to reject future filings that violate Local Rules 2.01 or 4.04, including submission of exhibits, email requests, or screenshots; or filings that do not contain Plaintiff's signature.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to Plaintiff a copy of its 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff must either file a motion for leave to proceed *in forma pauperis* or pay the full filling fee within **21 days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to either file a motion for leave to proceed *in forma pauperis* or pay the full filing fee within **21 days** of the date of this Order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's filings at Documents 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff shall refrain from communicating with the Court or its personnel via email correspondence for any purpose other than submitting a

document in the proper form for filing.

**Failure to comply with the terms of this Order will result in the imposition of sanctions.**

**IT IS FURTHER ORDERED**  that the Clerk of Court is directed to reject future filings that violate Local Rules 2.01 and 4.04 that consist of exhibits, email requests, or screenshots;  or filings that do not contain Plaintiff's signature.

Dated this 22nd day of June, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE