**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| SHAYLA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00119-ACL |
| | ) | |
| CAR MART, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Self-represented Plaintiff Shayla Holmes brings this civil action against defendant Car Mart—a business entity from which she purchased a motor vehicle in 2023.  ECF No. 1.  Now before the Court is Plaintiff's motion for leave to commence this action without prepayment of the required filing fees and costs.  ECF No. 50.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.[1]  *See* 28 U.S.C. § 1915(a)(1).  However, after reviewing the pleadings, the Court will direct Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  Plaintiff is warned that her failure to comply with this Order will result in the dismissal of this matter without prejudice and without further notice.

---

[1] Plaintiff is reminded of her duty under the Local Rules to update the Court as to any change in her financial status.  *See* E.D. Mo. L.R. 2.05(B) (after being granted leave to proceed without prepayment of fees and costs, a plaintiff "shall promptly notify the Court in writing of any change in his or her financial status.  Failure to so notify may result in dismissal of the case or other sanctions.").

### Plaintiff's Pleadings[2]

Self-represented Plaintiff brings her Third Amended Complaint against defendant Car Mart, a used car dealership in Cape Girardeau, Missouri.  ECF No. 1.  Plaintiff states that she entered into a financing agreement with Car Mart in 2023 for the purchase of a used motor vehicle.  *Id.* at 4.  According to Plaintiff, Car Mart fraudulently misrepresented the value of that vehicle to be $21,000, when the actual fair market value was only $3,500.  *Id.* at 4-5.  Despite this, Plaintiff made monthly payments on the vehicle for almost three (3) years, with only two (2) late payments.  *Id.* at 6.  However, the vehicle was repossessed by Car Mart on May 26, 2026.  *Id.* at 6-7.  Plaintiff alleges that this wrongful repossession of the vehicle caused her financial harm in the form of lost wages,[3] medical harm due to a lack of transportation, and emotional distress.  *Id.* at 8-9.  Her Third Amended Complaint asserts legal claims based on alleged violations of Missouri state law, including fraudulent misrepresentation, common law fraud, breach of contract, wrongful repossession and conversion, unjust enrichment, and violations of the Missouri Merchandising Practices Act.  *Id.* at 9-18.

---

[2] Plaintiff filed an Amended Complaint (ECF No. 45), Second Amended Complaint (ECF No. 48), and Third Amended Complaint (EF No. 49) in this matter before the Court could review her initial Complaint (ECF No. 1) and supplements (ECF Nos. 42-43) under 28 U.S.C. § 1915.  Because an amended pleading completely replaces the prior pleading, the Court will only discuss the allegations of the Third Amended Complaint.  *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005); *Yaritz v. Dep't of Corrs.*, No. 23-2457, 2024 WL 3218545, at *1 (8th Cir. June 28, 2024) (per curiam).

In addition, after initiating this action, Plaintiff sent the Court many filings that were not in the proper form and therefore, violated Court Rules.  *See* ECF Nos. 5-41.  These filings were struck from the record and will not be considered by the Court.  *See* ECF No. 44.

[3] Plaintiff alleges that she was unable to continue her "primary income-producing" work as an Uber driver when the motor vehicle was repossessed on May 26, 2026.  ECF No. 1 at 8 ¶ 42.  However, the Application to Proceed in District Court without Prepaying Fees and Costs which Plaintiff filed in one of her other cases on April 30, 2026, *see Holmes v. Cape Meadows*, No. 1:26-cv-00089-SNLJ, ECF No. 2 (E.D. Mo), indicated that Plaintiff had no income besides "SSDI" payments of $1,191 each month.  *See also* ECF No. 50 (labeling the $1,191 income as "SSDI").  Plaintiff is warned that a district court has discretion to dismiss an action with prejudice where the plaintiff has in bad faith filed a false affidavit of poverty.  *See Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (affirming dismissal with prejudice where plaintiff submitted false financial affidavit).

Plaintiff further asserts that this Court has diversity jurisdiction over this matter because "complete diversity of citizenship exists" and the amount in controversy exceeds $75,000. *Id.* at 2 ¶¶ 7-8. However, the Third Amended Complaint makes contradictory statements on defendant Car Mart's citizenship. Plaintiff alleges that defendant Car Mart both "maintains its principal place of business at 1455 N Kingshighway St, Cape Girardeau, Missouri" and that "[u]pon information and belief," Car Mart "maintains its principal place of business in a state other than Missouri." *Id.* at 2 ¶¶ 3, 6. Moreover, Plaintiff asserts that her damages total more than $75,000 based on an actual damage amount of $12,000; lost wages of "approximately $3,000 accrued to date;" and unspecified damages due to medical harm and emotional distress. *Id.* at 2-3 ¶ 8.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers,*

*Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and its principal place of business.  *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987).  The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Finally, the amount in controversy is to be ascertained from the complaint itself.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).  When jurisdiction is questioned, "the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (citing *OnePoint Sols.*, 486 F.3d at 347).

In this case, the facts of Plaintiff's Third Amended Complaint do not establish diversity jurisdiction.  Car Mart's principal place of business appears to be in Missouri, and Plaintiff is a citizen of Missouri.  In addition, the facts alleged in the pleadings do not provide an adequate foundation for Plaintiff's belief that her damages exceed $75,000.  In order to satisfy the jurisdiction requirement of $75,000 for diversity, "the existence of the required amount must be supported by competent proof."  *OnePoint Sols.*, 486 F.3d at 348.  When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."  *State of Mo. ex rel. Pemiscot Cnty., Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  Plaintiff here has not supplied competent proof that the amount in controversy will exceed the jurisdictionally required amount.

For these reasons, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.  Plaintiff has **twenty-one (21) days** from the date of this Order to respond in writing.  The Court reminds Plaintiff that her factual contentions to the Court, including those regarding the citizenship of the parties, must have evidentiary support.  *See* Fed. R. Civ. P. 11(b)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 50] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 10th day of August, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE