**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| SHAYLA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-119-ACL |
| | ) | |
| CAR MART, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Court has become aware that Plaintiff Shayla Holmes, a self-represented litigant, has violated the Court's Order dated June 22, 2026. (ECF No. 44.) Despite the Court's Order, Holmes continues to submit documents for filing that violate the Federal Rules of Civil Procedure and this Court's Local Rules. Holmes was previously informed by another judge in this Court that she cannot submit exhibits, emails, and screenshots for filing unless they are attached to a complaint, amended complaint, or motion. *See* ECF No. 44; *see also Holmes v. Cape Meadows Apartments HRMS*, No. 1:26-cv-00089-SNLJ, ECF No. 44 (E.D. Mo.). In both this case and the case before Judge Limbaugh, Holmes has submitted more than 70 documents that failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules, all of which have been stricken or rejected by Court Order.

Additionally, Holmes sends communications addressed to the Court and its staff via emails to the MOED_SRL_ Filings email, which is designated solely for self-represented litigants to submit documents for filing in pending cases in this Court. Holmes' use of that email address to communicate with the Court and its staff is improper.

Today and on prior occasions, Holmes sent documents to an internal email address utilized by court employees only, including Attachment A. This is also improper. Attachment A is not in

conformance with the Court's Local Rules as previously discussed in the Court's June 22, 2026, Memorandum and Order (Doc. 44)[1] in this case. Thus, the Clerk of Court will be instructed to strike Attachment A. **If Holmes wishes the Court to consider any portion of the information contained in Attachment A, she must file that information in conformance with the Local Rules, Document 44, and the Court's instructions in this Memorandum and Order.** Going forward, Holmes must not file any pleading, document, exhibit, or other item by sending it to any email address affiliated with the Court.

Holmes' email communications are improper and violate Local Rule 4.04(A), which states as follows:

> Attorneys and self-represented litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court. Attorneys and self-represented litigants shall not furnish the Court copies of correspondence among themselves except as exhibits to a motion or memorandum.

E.D. Mo. L.R. 4.04(A). Additionally, the Court's website states:

> All emails to the Court must contain a document to be filed. The MOED_SRL_Filings email is not intended for asking questions or corresponding with the Court.

*See* https://www.moed.uscourts.gov/selfrepresented-litigants-srl.

All litigants, including self-represented litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Federal courts have the inherent authority to impose filing restrictions on litigants who abuse the judicial process and waste the Court's resources with frivolous filings. *See In re Tyler*, 839 F.2d 1290, 1292-1295 (8th Cir. 1988) (upholding imposition of a filing restriction based on frivolous filings). "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the

[1] In part, the June 22, 2026, Memorandum and Order (Doc. 44) instructed the Clerk of Court "to reject future filings that violate Local Rules 2.01 and 4.04 that consist of exhibits, email requests, or screenshots; or filings that do not contain Plaintiff's signature."

institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *See Day v. Day*, 510 U.S. 1, 2 (1993) (entering a filing restriction to prevent a pro se petitioner from filing repetitious and frivolous requests).

Holmes has not made any effort to comply with the Federal Rules of Civil Procedure or this Court's Local Rules. Moreover, she demonstrates no regard for this Court's Orders. The improper emails she sends to court staff waste judicial resources. The Court will, therefore, impose a filing restriction in this case that bans Holmes from filing via email and requires Holmes to mail documents to the Court via the United States Postal Service, United Parcel Service, or Federal Express. The Court will direct the Clerk of Court to summarily reject any email received from Holmes related to this case.

As a final matter, since Attachment A will be stricken from the record due to noncompliance with this Court's Local Rules and prior Orders, **this Court is still awaiting Holmes' response to the Show Cause Order issued August 10, 2026, regarding whether this Court has jurisdiction over this matter**. *See* ECF No. 51. Plaintiff must mail her response to the Show Cause Order to the Court via the United States Postal Service, United Parcel Service, or Federal Express. Considering this mailing requirement, the Court will extend the deadline for Holmes' response until **Monday, September 14, 2026**. The response should comply with the Federal Rules of Civil Procedure and this Court's Local Rules. Specifically, it should be formatted with a case caption, contain the case number for this action, and be signed by Holmes.

Holmes is cautioned that by signing and presenting to the Court any pleading, written motion, or other paper, she is held responsible for its contents, including any portion generated with artificial intelligence (AI). *See* Fed. R. Civ. P. 11(b). Finally, **Holmes is warned that failure**

**to comply with the Orders of this Court could result in the dismissal of this action without further notice.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Shayla Holmes is **BANNED** from filing via email in this case and must submit documents for filing via the United States Postal Service, United Parcel Service, or Federal Express.

**IT IS FURTHER ORDERED** that Plaintiff Shayla Holmes is **PROHIBITED** from communicating with the Court or its staff via any court affiliated email address.

**IT IS FURTHER ORDERED** that the Clerk of Court shall summarily **REJECT** any email received from Plaintiff Shayla Holmes related to this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** Attachment A from the record.

**IT IS FINALLY ORDERED** that the deadline for filing a response to the Court's Show Cause Order issued on August 10, 2026 (ECF No. 51) is **EXTENDED** to **Monday, September 14, 2026**.

**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS.**

Dated this 19th day of August, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE