**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| SHAYLA HOLMES,<br><br>Plaintiff,<br><br>v.<br><br>CAR MART,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-00119-ACL |

**<u>MEMORANDUM AND ORDER</u>**

Now before the Court is self-represented Plaintiff Shayla Holmes's response to the Court's Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction. [Doc. 53]. As discussed in detail below, Plaintiff fails to establish that this Court has diversity jurisdiction over this matter. Federal Courts are courts of limited jurisdiction and Plaintiff has not met her burden of demonstrating that the parties are citizens of different states and that the amount in controversy exceeds $75,000. As such, this case is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Background**

Self-represented Plaintiff brings this civil action against defendant Car Mart, a used car dealership in Cape Girardeau, Missouri. [Doc. 1]. In her Third Amended Complaint, Plaintiff states that she entered into a financing agreement with Car Mart in 2023 for the purchase of a used motor vehicle. [Doc. 49 at 4]. According to Plaintiff, Car Mart fraudulently misrepresented the value of that vehicle to be $21,000, when the actual fair market value was only $3,500. [*Id.* at 4-5]. Despite this, Plaintiff made monthly payments on the vehicle for almost three (3) years, with only two (2) late payments. [*Id.* at 6]. However, the vehicle was repossessed by Car Mart on May 26, 2026. [*Id.* at 6-7]. Plaintiff alleges that this wrongful

repossession of the vehicle caused her financial harm in the form of lost wages, medical harm due to a lack of transportation, and emotional distress. [*Id.* at 8-9]. Plaintiff asserts legal claims based on alleged violations of Missouri state law, including fraudulent misrepresentation, common law fraud, breach of contract, wrongful repossession and conversion, unjust enrichment, and violations of the Missouri Merchandising Practices Act. [*Id.* at 9-18].

Plaintiff further alleges that this Court has diversity jurisdiction over this matter because "complete diversity of citizenship exists" and the amount in controversy exceeds $75,000. [*Id.* at 2]. However, the Third Amended Complaint makes contradictory statements on defendant Car Mart's citizenship. Plaintiff alleges that defendant Car Mart both "maintains its principal place of business at 1455 N Kingshighway St, Cape Girardeau, Missouri" and that "[u]pon information and belief," Car Mart "maintains its principal place of business in a state other than Missouri." [*Id.*]. Moreover, Plaintiff asserts that her damages total more than $75,000 based on an actual damage amount of $12,000; lost wages of "approximately $3,000 accrued to date;" and unspecified damages due to medical harm and emotional distress. [*Id.* at 2-3].

**Order to Show Cause**

On August 10, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis* and reviewed the allegations of her Third Amended Complaint. [Doc. 51]. Based on such review, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for a lack of federal court jurisdiction.

Plaintiff filed her response to the Order to Show Cause on September 14, 2026. [Doc. 53]. Much of her response discusses her apology and acknowledgment of her past filing errors (*see* docs. 44, 52), a request that her disability be accommodated by allowing her the use of generative artificial intelligence to draft her pleadings, and a promise to adhere to Local and

Federal Rules in future filings and communications with the Court. [Doc. 53 at 1-2]. As for the underlying facts of the case, Plaintiff states:

> Plaintiff brings this action in good faith to resolve critical substantive claims against Defendant Car Mart. On **April 17th, 2026**, Plaintiff paid $700.00 toward her vehicle contract. Her regular contract payments were strictly due on the **26th of each month**. Despite being fully paid ahead, Defendant executed a wrongful, premature repossession of Plaintiff's vehicle on **May 26, 2026**, while she was attending a doctor's appointment. The vehicle in question is a **2017 Kia Sportage (VIN: …)**. Plaintiff has faithfully made 3 years of continuous payments on this vehicle, which Kelley Blue Book values at a maximum of $5,900.00 only if in excellent condition. Plaintiff's credit reports clearly demonstrate that she has dramatically overpaid the true value of the vehicle through a predatory, unconscionable loan agreement. Dismissing this action at this early stage would severely prejudice her legal rights before these core issues can be heard on their merits.

[*Id.* at 2 (emphasis in original)].

Plaintiff then goes to explain that she is seeking four (4) million dollars in damages from Defendant Car Mart, the immediate return of her vehicle, and a cleanup of her credit profile as relates to this incident. In justification of this dollar amount of damages, Plaintiff states that the amount "accounts for severe predatory financing, conversion, extensive emotional distress, loss of her livelihood as an Uber driver, … the $8,000.00 out-of-pocket loss she was forced to incur to secure a replacement vehicle," the loss from her "**still being forced to pay auto insurance premiums on the repossessed Kia Sportage**," "compensation for the conversion of personal belongings left inside the vehicle, including [Plaintiff's] **Uber passenger comfort accessories (expensive custom seat covers and passenger pillows), specialized vehicle equipment, and vital personal documentation including [Plaintiff's] son Jaren Vaughn's identification card**," and "lost ride-share income." [*Id.* (emphasis in original)].

**Discussion**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d

1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and its principal place of business. *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Finally, the amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). When jurisdiction is questioned, "the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence."

*Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (citing *OnePoint Sols.*, 486 F.3d at 347).

Plaintiff's pleadings in this matter do not establish diversity jurisdiction. Car Mart's principal place of business appears to be in Missouri, and Plaintiff is a citizen of Missouri. In addition, the facts alleged in the pleadings do not provide an adequate foundation for Plaintiff's belief that her damages exceed $75,000. In order to satisfy the jurisdiction requirement of $75,000 for diversity, "the existence of the required amount must be supported by competent proof." *OnePoint Sols.*, 486 F.3d at 348. When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Although Plaintiff states that she is seeking four (4) million dollars in damages, she fails to prove this amount—or any amount over $75,000—by a preponderance of the evidence. The only exact dollar amount that she specifies is a loss of $8,000 to acquire a replacement vehicle. She states that she made monthly payments for almost three (3) years and that in April 2026 she made a payment of $700. Assuming this was her regular payment amount, Plaintiff paid approximately $25,200 on the vehicle before it was repossessed. Plaintiff provides no valuation of the personal items that she lost when the vehicle was taken. Furthermore, it is unclear why Plaintiff suffered the "loss of her livelihood as an Uber driver" if she was able to acquire a replacement vehicle. Regardless, the evidence presented by Plaintiff does not establish diversity of citizenship between the parties or that the amount in controversy will exceed the jurisdictionally required amount. Plaintiff has failed to provide evidentiary support for her factual contention that her damages total four (4) million dollars. *See* Fed. R. Civ. P. 11(b)(3).

For these reasons, the Court finds no basis for federal subject matter jurisdiction over this matter and therefore, must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (threshold requirement in every federal case is jurisdiction); *4:20 Commc'ns, Ins. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003) (party invoking federal jurisdiction has burden to establish jurisdictional requirements); *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971) ("[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. A separate Order of Dismissal will be entered this same date.

**IT IS FURTHER ORDERED** that Plaintiff's motion to preserve evidence [Doc. 46] is **DENIED as moot**.

Dated this 23rd day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE